UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL R. FOLK,

    Plaintiff,

v.

Case No. 1:20-cv-809
Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied his application for disability insurance benefits (DIB) and supplemental security income (SSI).

On September 28, 2017, plaintiff filed an application for SSI. PageID.69. The next day, he filed an application for DIB. *Id*. Both applications alleged a disability onset date of October 18, 2016. *Id*. Plaintiff identified his disabling conditions as: degenerating discs; bipolar disorder; attention deficit hyperactivity disorder (ADHD); migraine headaches; bursitis in shoulders; damage under the kneecap; heel spurs; depression; thyroid disease; and gastritis. PageID.264. Prior to applying for benefits, plaintiff earned a GED and had past employment as a lubrication servicer and corn popper. PageID.79, 265. The administrative law judge (ALJ) reviewed plaintiff's application de novo and entered a written decision denying benefits on April 22, 2019. PageID.69-81. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

1

## I.     LEGAL STANDARD

"The federal courts review the Commissioner's factual findings for substantial evidence and give fresh review to its legal interpretations." *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 903 (6th Cir. 2016). This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, -- U.S. --, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence, this Court has said, is more than a mere scintilla. It means — and means only — such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks and citations omitted).

A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health and Human Services*, 925 F.2d 146 (6th Cir. 1990). The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations, or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ's DECISION

Plaintiff's applications failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff has not engaged in substantial gainful activity since October 18, 2016, the alleged onset date, and that he met the insured status requirements of the Social Security Act through March 31, 2019. PageID.71. At the second step, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease of the cervical spine; shoulder bursitis; degenerative joint disease of the knees; bipolar disorder; and headaches. PageID.72. At the third step, the ALJ found that through the date last insured, plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id*.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following additional limitations: The claimant is limited to simple, unskilled work in a low-stress environment, which is defined as having only occasional changes in the work setting and requiring no more than occasional decision-making. The claimant could never climb ladders, ropes, and scaffolds, could perform other postural maneuvers occasionally, could occasionally twist and turn his neck, and could frequently, but not constantly, handle and finger. The claimant's work must allow for the exercise of a sit/stand option defined as follows: work that could be done in both the sitting and standing positions, such that the change in position will not cause the worker to go off task. The claimant would also require the opportunity to change positions every thirty (30) minutes.

PageID.75-76. The ALJ also found that plaintiff was unable to perform any past relevant work. PageID.79.

At the fifth step, the ALJ found that plaintiff could perform a significant number of unskilled light exertional jobs in the national economy. PageID.80. Specifically, the ALJ found that plaintiff could perform the requirements of occupations in the national economy such as

4

garment sorter (55,000 jobs), mail clerk (51,000 jobs), and folder (53,000 jobs). PageID.80-81. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from November 18, 2016 (alleged disability onset date) through April 22, 2019 (the date of the decision). PageID.81.

### III.     DISCUSSION

Plaintiff has raised three errors on appeal.

**A.     The ALJ committed reversible error by not properly considering the records from plaintiff's treating physician.**

Plaintiff contends that the ALJ did not properly evaluate the records of Keith Javery, D.O. The ALJ addressed Dr. Javery's records as follows:

> It is noted in the record that the claimant sought treatment through pain management specialist Keith Javery, D.O. from September 2016 through January 2019, where he received cervical paravertebral facet joint injections, cervical medial branch blocks, and greater/lesser occipital blocks, which reportedly provided him with between fifty (50) and seventy (70) percent pain reduction (Exhibits B7F, B8F). Additionally, the claimant was prescribed Norco for pain along with Butalbital-Acetaminophen-Caffeine for headaches and these medications were described as "effective," reportedly providing eighty (80) to ninety (90) percent reduction of his pain (Exhibit B7F/43, 56, 72). Furthermore, Dr. Javery noted that the claimant exhibited pain to palpation, pain with facet loading maneuvers, and moderately reduced range of motion in his cervical spine, cervical paraspinal muscle/hypertonicity, and positive facet loading maneuvers, but negative Spurling's test, normal upper/lower extremity muscle strength, reflexes, and sensation, normal gait, and did not use an assistive device (Exhibit B7F/23). Dr. Javery also reported that the claimant described his headaches as "mild" and "intermittent" and demonstrated pain to palpation over the occipital nerve at the base of the cranium which refers forward in a "Ram's horn" distribution, but otherwise atraumatic and normocephalic inspection of his head (Exhibit B8F/l 8, 36, 48, 58-59).

PageID.77.

The nature of plaintiff's objection to the ALJ's decision is not clear.  Plaintiff admits that "Dr. Javery did not issue a specific opinion in this case." PageID.1347.[1]  The only objection raised is that "[t]he ALJ wrongly characterized Plaintiff's treatment as 'conservative' (PageID.78)." *Id*. at PageID.1347.  In this regard, plaintiff suggests that an ablation performed by Dr. Javery in August 2012, about four years *before* the alleged disability onset date, is not conservative treatment.  *Id*.  This treatment performed years ago while plaintiff was still working is not relevant to his present disability claim.  Based on this record, the Court finds no error in the ALJ's summary and review of Dr. Javery's treatment from September 2016 through January 2019.

        **B.**     **The ALJ did not have substantial evidence to support her residual functional capacity (RFC) finding for plaintiff.**

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments.  20 C.F.R. §§ 404.1545 and 416.945.  It is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs."  20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c).

Here, the ALJ developed plaintiff's RFC after reviewing his medical history and medical opinions.  PageID.75-79.  As discussed, the ALJ found that plaintiff had a number of severe impairments: degenerative disc disease of the cervical spine; shoulder bursitis; degenerative joint disease of the knees; bipolar disorder; and headaches.  PageID.72.  In reviewing the opinion evidence, the ALJ did not find the February 2018 opinion of state agency physician Ashok Sachdev, M.D. to be persuasive; rather, the ALJ found that the doctor's opinion that plaintiff could

---

[1] For claims filed after March 17, 2017, the regulations provide that the Social Security Administration (SSA) "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. §§ 404.1520c(a) and 416.920c(a).  Now, the SSA "will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in [the claimant's] record."  20 C.F.R. §§ 404.1520c(b) and 416.920c(b).

perform a range of medium exertional work "exaggerates the claimant's functional ability." PageID.78.

> [I]n light of the claimant's cervical spine and right shoulder impairments, as evidenced in diagnostic imaging, he would be limited to a range of light work with no climbing of ladders, ropes, and scaffolds, occasional twisting and turning of the neck, and frequent, but not constant, handling and fingering with the upper extremities (Exhibits B3F/6; B7F/34-35). In addition, in light of the claimant's complaints of right knee pain and difficulty sitting and standing, which is corroborated by x-ray imaging noting degenerative changes, he would be limited to only occasional postural maneuvers and would require a sit/stand option allowing him to change positions every thirty (30) minutes (Hearing Testimony; Exhibit B2F/20-21).

PageID.78-79.

The ALJ found the January 2018 opinion of state agency psychological consultant Robert Gerl, Ph.D. to be persuasive.

> [I]n light of the claimant's complaints of problems with concentration and completing tasks and inability to handle stress, he would be limited to simple, unskilled work in a low-stress environment and that involves only occasional changes in the work setting and no more than occasional decision-making (Exhibit B3F/l 1-12).

PageID.79.

The ALJ is tasked with determining a claimant's RFC. *See* 20 C.F.R. §§ 404.1546(c) and 416.946(c). In this regard, the ALJ is "charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of her residual functional capacity." *Webb v. Commissioner of Social Security*, 368 F.3d 629, 633 (6th Cir. 2004) (internal quotation marks and brackets omitted). This is precisely what the ALJ did in evaluating the medical record in this case. Based on this record, the ALJ's RFC assessment is supported by substantial evidence. Accordingly, plaintiff's claim of error is denied.

### C. The ALJ committed reversible error by using unpermissible boilerplate language to support her decision.

>Plaintiff's objects to the ALJ's use of the following "boilerplate":

>After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision (PageID.76).

Plaintiff's Brief (ECF No. 21, PageID.1349).  Plaintiff cites *Browning v. Colvin*, 766 F.3d 702, 708 (7th Cir. 2014) for the proposition that the implication in this "pernicious" boilerplate "is that the assessment of the claimant's ability to work preceded and may invalidate the claimant's testimony about his or her ability to work. Actually that testimony is properly an input into a determination of ability to work."  Plaintiff's Brief at PageID.1349.  However, plaintiff has not developed an argument that this sentence creates a structural defect so significant that it requires the reversal of the ALJ's decision entered in this case.  "It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones."  *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).  Accordingly, this claim of error is denied.

## IV. CONCLUSION

Accordingly, this matter will be **AFFIRMED**.  A judgment consistent with this opinion will be issued forthwith.


Dated:  March 8, 2022               /s/ Ray Kent
                                    United States Magistrate Judge